[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2011
JOHN LEY
CLERK

No. 11-10968
Non-Argument Calendar
_____

Agency No. A088-708-602

WALTER AUSTIN HENRY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 30, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Walter Henry, a native of and citizen of St. Kitts, seeks review of the Board

of Immigration Appeals's ("BIA") final order affirming the Immigration Judge's

("IJ") denial of his application for withholding of removal and relief under the

Convention Against Torture. Henry claims that he will be persecuted if he is removed to St. Kitts because he is homosexual.

The IJ denied Henry's application finding that he was not credible and that the country reports, although confirming that homosexual acts are criminalized in St. Kitts, did not otherwise demonstrate how that law was enforced. The BIA reversed the IJ's adverse credibility determination, and although "treating [Henry] as credible," concluded that he failed to "establish that it is more likely than not that his life or freedom would be threatened in St. Kitts on account of his homosexuality." In dismissing Henry's appeal, the BIA only specifically discussed the 2009 Department of State Country Report and an additional report that Henry submitted on appeal. The BIA did not specifically address any of Henry's testimony from his immigration court hearings or written application.

We review only the BIA's decision, unless the BIA has expressly adopted the IJ's decision. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). Here, because the BIA did not expressly adopt the IJ's decision, we review the decision of only the BIA. Henry argues that when the BIA reversed the IJ's adverse credibility finding it should have remanded his case back to the IJ to engage in additional fact-finding. He also argues that although the BIA agreed that he was a credible witness, it then failed to consider his credible testimony in determining whether it was more likely than not that he would suffer persecution upon return to

2

St. Kitts.

We do not agree with Henry that the BIA was required to remand his case to the IJ when it disagreed with the IJ's adverse credibility determination. However, because it instead found Henry to be a credible witness, the BIA was required to consider all of Henry's testimony as evidence in support of his application. "[T]he [Immigration Judge] must . . . consider all evidence introduced by the applicant." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (emphasis removed); see 8 C.F.R. § 1240.1(c) ("The immigration judge shall receive and consider material and relevant evidence."). Where the BIA or IJ has given reasoned consideration to the petition and made adequate findings, we "will not require that it address specifically each claim the petitioner made or each piece of evidence the petitioner presented." *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1351 (11th Cir. 2009). However, the BIA or IJ must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Tan v. U.S. Att'y. Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006).

Here, we cannot ascertain from the BIA's decision whether it considered the substance of Henry's testimony in reaching the conclusion that he failed to establish that it is more likely than not that his life would be threatened in St. Kitts because of his homosexuality. Henry testified that he is gay and that he witnessed

3

first-hand the physical and emotional abuse that public officials and private citizens inflicted on known or suspected homosexuals in St. Kitts before he came to the United States. He witnessed the death of friends because they were abused by police and were refused medical treatment at health clinics because they were homosexual. He also knows of others who committed suicide as a result of the abuse. He testified that he fears the same will happen to him, even possibly that he would be jailed for being homosexual as it is a crime in St. Kitts to commit a homosexual act. Although the BIA is not required to address every single piece of evidence before it, the BIA's decision did not even allude to <u>any</u> of this testimony even though it is the majority of the evidence presented by Henry and is relevant to his claim that it is more likely than not that he would be persecuted should he return to St. Kitts.

Accordingly, because the record is not sufficient for us to determine whether the BIA considered Henry's oral and written testimony with regard to its conclusion that he failed to establish that it is more likely than not that he will be persecuted in St. Kitts, we grant his petition and remand to the BIA for further review.

**PETITION GRANTED and REMANDED FOR FURTHER REVIEW.**